UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SILESIA M. LOUREDO | ) | Case No. 05-15846-SSM |
| | ) | Chapter 7 |
| Debtor | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the debtor's certification of exigent circumstances and request for deferment of the credit counseling requirement. The debtor, Silesia M. Louredo, filed a petition in this court on October 27, 2005, for relief under chapter 7 of the Bankruptcy Code. With the petition she filed a certificate of exigent circumstances stating that she could not complete the credit counseling requirement under § 109(h), Bankruptcy Code, prior to filing the petition because she had a hearing that afternoon in state court on a summons in unlawful detainer.

Because this case was filed after October 17, 2005, it is governed by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L 109-8, 119 Stat. 23 (April 20, 2005) ("BAPCPA"). Among the far-reaching changes enacted by BAPCPA is a requirement that individual debtors, within 180 days prior to filing a bankruptcy petition, receive from an approved nonprofit budget and credit counseling agency an individual or group briefing that outlines the opportunities for available credit counseling and that assists the individual in performing a related budget analysis. § 109(h)(1), Bankruptcy Code. The requirement may be deferred with respect to a debtor who submits to the court a certification

1

that (1) "describes exigent circumstances that merit a waiver of the credit counseling requirement;" (2) *"states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services ... during the 5-day period beginning on the date on which the debtor made that request;"* and (3) the certification is satisfactory to the court.  § 109(h)(1)(A)(i-iii) (emphasis added).  The exemption, if granted, is effective for 30 days.  § 109(h)(1)(B).

The problem in this case is that the debtor's certification does not include the required statement that the debtor requested credit counseling services from an approved agency, but was unable to obtain them during the 5-day period beginning on the date the request was made.  In the absence of the required statement, the court is without authority to grant the 30-day deferment even if the court were to conclude that the circumstances described in the certification otherwise justified such action.

Because the debtor in this case is pro se, the court will give the debtor a brief opportunity to supplement the certification by filing a supplemental certificate stating whether or not she requested credit counseling services from an approved nonprofit budget and credit counseling agency; the name of the agency; the date of the request; and whether the agency was able to provide the services within five days of making the request.  If the debtor fails to file the supplemental certificate, or if the certificate shows that she did not request and was unable to obtain the counseling services within five days of the request, the court will have no choice except to dismiss the case.

It is, accordingly,

**ORDERED:**

1. The certification of exigent circumstances is taken under advisement.

2. Not later than November 14, 2005, the debtor shall file with the court a supplemental certification of exigent circumstances stating –

(a) whether or not she requested credit counseling services from an approved nonprofit budget and credit counseling agency prior to filing her bankruptcy petition;

(b) the name of the agency;

(c) the date of the request;

(d) and whether the agency was able to provide the services within five days of making the request.

3. If the supplemental certificate is not timely filed, or if the certificate shows that the debtor does not qualify for deferment of the credit counseling requirement, the case will be dismissed without further notice or hearing.

4. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                      Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge

Copies to:

Silesia M. Louredo
1817 N. Quinn Street, #307
Arlington, VA  22209
Debtor *pro se*

Gordon P. Peyton, Esquire
Redmon, Peyton & Braswell
510 King Street, Suite 301
Alexandria, VA  22314
Chapter 7 trustee

Dennis Early, Esquire
Assistant United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314