UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SILESIA M. LOUREDO | ) | Case No. 05-15846-SSM |
| | ) | Chapter 7 |
| Debtor | ) | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CHAPTER 7 CASE

The case was commenced by the filing of a voluntary petition for relief under chapter 7 of the Bankruptcy Code on October 27, 2005, together with a certificate of exigent circumstances. By memorandum opinion and order of November 1, 2005, this court held that the certificate was deficient because it lacked a statement that the debtor had attempted but was unable to obtain the credit counseling required by Section 109(h)(1) of the Bankruptcy Code within five days of the request. However, because the debtor was proceeding *pro se*, the court, in an abundance of caution, granted the debtor leave through November 14, 2005, to file a supplemental certificate to show that she met the statutory standard for filing.

The debtor has subsequently filed a certificate reflecting that she received the required credit counseling on October 31, 2005, from an approved credit counseling agency. She has also recently filed schedules (although not a statement of financial affairs or a statement of current income and means test calculation). The certification of exigent circumstances, however, remains unamended and unsupplemented. The statute seems clear that in the absence of a statement, not only of exigent circumstances, but also that the debtor

1

attempted but was unable to obtain credit counseling within five days of requesting it, the certification is insufficient, leaving the court with no choice except to dismiss the case. *In re Timothy C. Watson*, No. 05-77864-DHA (Bankr. E.D. Va., November 3, 2005).

This is an unfortunate result, since the debtor has now obtained the required counseling and no apparent purpose would be served by dismissal.  However, Congress clearly intended, except in specific limited circumstances, that credit counseling <u>precede</u> a bankruptcy filing precisely so that persons considering a bankruptcy filing could be informed about, and have an opportunity to consider, alternatives to bankruptcy.  It is the court's duty to apply the law as written even though the debtor's schedules (which reflect that she is unemployed, has no income, and has $96,055 in unsecured debts) suggest that there was no realistic alternative to filing for chapter 7 relief.  It is true that dismissal is without formal prejudice to refiling, and that – since the debtor has now obtained the required credit counseling – she would be free immediately to file a new petition.  However, she would have to be concerned, were she to file within a year of the dismissal of the present case, that the automatic stay would terminate 30 days after the filing of the petition unless the debtor, prior to the running of the 30-day period, obtained an order extending the automatic stay based on a showing that the second case was filed in good faith.  § 362(c)(3), Bankruptcy Code.  Be that as it may, the statute clearly leaves this court with no choice except to dismiss the present case.

It is, accordingly,

**ORDERED:**

1. This case is dismissed.

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below, shall give all creditors and parties in interest notice of the dismissal.

Date: _____              _____
                                            Stephen S. Mitchell
Alexandria, Virginia                         United States Bankruptcy Judge

Copies to:

Silesia M. Louredo
1817 N. Quinn Street, #307
Arlington, VA  22209
Debtor *pro se*

Gordon P. Peyton, Esquire
Redmon, Peyton & Braswell
510 King Street, Suite 301
Alexandria, VA  22314
Chapter 7 trustee

Dennis Early, Esquire
Assistant United States Trustee
115 South Union Street, Suite 210
Alexandria, VA  22314